UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Aviva STAHL, | ) |
|                      Plaintiff, | )  No. 19-CV-4142 (BMC) |
| *v.* | )  (Cogan, J.) |
| FEDERAL BUREAU OF PRISONS, and DEPARTMENT OF JUSTICE, | )  ANSWER |
|                      Defendants. | ) |

The Federal Bureau of Prisons ("BOP") and the United States Department of Justice ("DOJ") (collectively, "Defendants"), by their undersigned counsel of record hereby answer and aver, upon information and belief, in response to the allegations and averments contained in the correspondingly numbered paragraphs of Plaintiff Aviva Stahl's ("Plaintiff") Complaint for Declaratory and Injunctive Relief ("Complaint"), as follows:

1. This paragraph sets forth Plaintiff's characterization of the nature and purpose of this action, its purported legal basis, and Plaintiff's alleged motivations for bringing it, to none of which is a response required. To the extent this paragraph can be read to allege facts to which a response may be required, denied.

2. This paragraph sets forth characterizations, personal opinions, and media reports not relevant to the claims or defenses in this action, to none of which is a response required. To the extent this paragraph can be read to allege facts to which a response may be required, denied.

3. This paragraph sets forth Plaintiff's alleged motivations for bringing this suit, to which no response is required. To the extent this paragraph can be read to allege facts to which a response may be required, denied.

4. This paragraph sets forth Plaintiff's alleged motivations for bringing this suit, including a description of hearsay accounts allegedly contributing to those motivations, to none of which is a response required. To the extent this paragraph can be read to allege facts to which a response may be required, denied, except Defendants admit that BOP has issued Program Statement 5562.05 setting forth agency policy and practice with respect to responding to prisoner hunger strikes. To the extent this paragraph purports to describe or summarize the contents of that Program Statement, Defendants deny such descriptions and summaries and refer to the text of the Program Statement as the best evidence of its contents.

5. This paragraph sets forth characterizations, personal opinions, and third-party reports not relevant to the claims or defenses in this action, to none of which is a response required. To the extent this paragraph can be read to allege facts to which a response may be required, denied.

6. This paragraph sets forth Plaintiff's alleged motivations for bringing this suit, to which no response is required. To the extent this paragraph can be read to allege facts to which a response may be required, denied.

7. The first sentence of this paragraph sets forth Plaintiff's alleged motivations for bringing this suit, to which no response is required. To the extent this sentence can be read to allege facts to which a response may be required, denied. Defendants deny knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

8. Defendants deny knowledge or information sufficient to admit or deny the allegation in the first sentence of this paragraph as to what Inmate Salameh "confirmed" to Plaintiff. Defendants admit that Plaintiff submitted FOIA request Nos. 2018-02917 and 2018-03868 to BOP, which attached written authorizations signed by Inmate Salameh authorizing BOP to release certain medical records and other documents to Plaintiff.

9.     Denied: in response to Plaintiff's FOIA request Nos. 2018-02917 and 2018-03868, BOP released *all* responsive medical records, with some pages redacted or withheld in accordance with applicable FOIA exemptions. Defendants deny Plaintiff's characterization as to what these records "indicate" and refer to the documents themselves as the best evidence of their contents. Defendants admit that they withheld certain video recordings ostensibly responsive to Plaintiff's FOIA requests and did so in accordance with applicable FOIA exemptions.

10.    Denied.

11.    This paragraph sets forth Plaintiff's alleged motivations for bringing this suit, to which no response is required.  To the extent this paragraph can be read to allege facts to which a response may be required, denied.

12.    This paragraph sets forth Plaintiff's alleged motivations for bringing this suit, to which no response is required.  To the extent this paragraph can be read to allege facts to which a response may be required, denied.

13.    This paragraph sets forth Plaintiff's legal opinions and conclusions as to the Court's subject matter jurisdiction, to which no response is required. Defendants do not contest the Court's subject matter jurisdiction in this case.

14.    This paragraph sets forth Plaintiff's legal opinions and conclusions as to venue in this District, to which no answer is required.  Defendants deny knowledge or information sufficient to admit or deny the allegation that plaintiff resides in this District but do not contest the propriety of venue in the Eastern District of New York.

15.    This paragraph sets forth biographical information about Plaintiff, as well as her characterization of the nature and purpose of this action and her alleged motivations for bringing it, to none of which is a response required.  To the extent this paragraph can be read to allege facts

to which a response may be required, denied, except Defendants deny knowledge or information sufficient to admit or deny the biographical information about Plaintiff.

16. Admitted.

17. Admitted.

18-34. Collectively, these paragraphs set forth a litany of characterizations, personal opinions, and media and third-party reports not relevant to the claims or defenses in this action, as well as a description of Plaintiff's alleged motivations for bringing this suit, to none of which a response is required. To the extent any of these paragraphs can be read to allege facts to which a response may be required, or facts relating to alleged events or incidents occurring at BOP facilities, denied. Defendants deny knowledge or information sufficient to admit or deny any biographical information about Plaintiff contained in these paragraphs. To the extent any of these paragraphs purport to characterize the contents of the material released to Plaintiff in response to her FOIA requests, Defendants deny such characterizations and refer to the documents themselves as the best evidence of their own contents.

35. The first two sentences of this paragraph set forth Plaintiff's alleged motivations for bringing this suit, including a description of hearsay accounts allegedly contributing to those motivations, to none of which a response is required. Defendants deny knowledge or information sufficient to admit or deny the allegations in the third sentence of paragraph 35, except admit that Plaintiff submitted FOIA request Nos. 2018-02917 and 2018-03868 to BOP, which attached written authorizations signed by Inmate Salameh authorizing BOP to release certain medical records and other documents to Plaintiff. With respect to footnote 16, Defendants have no objection to treating Plaintiff's two FOIA requests as one request for purposes of this lawsuit.

36. Defendants admit that on February 15, 2018, BOP received a FOIA Inquiry from the Plaintiff dated February 12, 2018. Otherwise, denied.

37. This paragraph attempts to characterize the contents of Plaintiff's FOIA request No. 2018-02917; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

38. Defendants admit that Plaintiff's FOIA request No. 2018-02917, dated February 12, 2018, attached a DOJ-361 Certification of Identity purportedly signed by Inmate Salameh and an Authorization for Release of Medical Information, also purportedly signed by Inmate Salameh. To the extent this paragraph or its footnote 17 attempt to characterize the contents or purpose of these attachments, Defendants deny such characterizations and refer to the documents themselves as the best evidence of their own contents.

39. Admitted.

40. Defendants admit that on March 28, 2018, BOP received a second FOIA Inquiry from the Plaintiff, this one dated March 23, 2018. Otherwise, denied.

41. This paragraph attempts to characterize the contents of Plaintiff's FOIA request No. 2018-03868; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

42. This paragraph attempts to characterize the contents of Plaintiff's FOIA request No. 2018-03868; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

43-45. Defendants admit that Plaintiff's second FOIA inquiry, No. 2018-03868, dated March 23, 2018, attached a DOJ-361 Certification of Identity purportedly signed by Inmate Salameh, a BP-A0301 Authorization to Release Confidential Information, also purportedly signed by Inmate Salameh, and several other documents. To the extent these paragraphs purport to characterize the contents or purpose of these attachments, Defendants deny such characterizations and refer to the documents themselves as the best evidence of their own contents.

46. Admitted.

47-51. These paragraphs set forth allegations relating to Plaintiff's alleged request for a news media fee reduction under FOIA and BOP regulations. As Defendants have not sought and are not seeking to collect a fee from Plaintiff in connection with processing and responding to her FOIA requests, these paragraphs are not relevant to any claims or defenses in this action, and no response to them is required.

52-54. These paragraphs set forth allegations relating to Plaintiff's alleged request for a public interest fee reduction under FOIA and BOP regulations. As Defendants have not sought and are not seeking to collect a fee from Plaintiff in connection with processing and responding to her FOIA requests, these paragraphs are not relevant to any claims or defenses in this action, and no response to them is required.

55-59. These paragraphs set forth allegations relating to Plaintiff's alleged request for expedited processing of her FOIA requests. As BOP did provide expedited processing of Plaintiff's FOIA requests, and as that processing has now been completed, there is no further relief the Court can provide in relation to this alleged request; accordingly, these paragraphs are not relevant to any claims or defenses in this action, and no response to them is required.

60. Admitted.

61-63. These paragraphs attempt to characterize the contents of BOP's letter to plaintiff dated February 16, 2018; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

64. This paragraph attempts to characterize the contents of Plaintiff's March 19, 2018, email to BOP; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

65. This paragraph attempts to characterize the contents of Plaintiff's March 20, 2018, email to BOP; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

66. This paragraph is not relevant to any claims or defenses in this action, and no response to it is required. To the extent relevant, BOP sent Plaintiff its final response to her FOIA requests on September 24, 2018.

67. This paragraph attempts to characterize the contents of BOP's April 3, 2018, email to Plaintiff; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

68-69. These paragraphs attempts to characterize the contents of Plaintiff's April 5, 2018, email to BOP; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents. speaks for itself.

70. This paragraph attempts to characterize the contents of BOP's April 5, 2018 reply email to Plaintiff; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

71. To the extent this paragraph alleges what Plaintiff "understood," Defendants deny knowledge or information sufficient to admit or deny the allegations in the paragraph. To the extent this paragraph alleges what BOP "understood," denied.

72. Admitted.

73. This paragraph is not relevant to any claims or defenses in this action, and no response to it is required.

74. This paragraph attempts to characterize the contents of BOP's July 9, 2018 email to Plaintiff; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

75. This paragraph is not relevant to any claims or defenses in this action, and no response to it is required. To the extent relevant, BOP sent Plaintiff a partial determination in response to Plaintiff's FOIA requests on August 10, 2018.

76. Defendants admit sending Plaintiff a partial determination in response to her FOIA requests on August 10, 2018.

77. Admitted.

78. This paragraph attempts to characterize the contents of BOP's August 10, 2018, letter to Plaintiff; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

79. This paragraph attempts to characterize the contents of BOP's August 10, 2018, letter to Plaintiff; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

80-83. These paragraphs attempt to characterize the contents of several emails exchanged between Plaintiff and BOP on August 17, 2018. These paragraphs are not relevant to any claims or defenses in this action, and no response to them is required. To the extent relevant, Defendants deny Plaintiff's characterizations and refer to the emails themselves as the best evidence of their own contents.

84-91. These paragraphs attempt to characterize the contents of several emails exchanged between Plaintiff and BOP between August 20 and October 22, 2018. These paragraphs are not relevant to any claims or defenses in this action, and no response to them is required. To the extent relevant, Defendants deny Plaintiff's characterizations and refer to the emails themselves as the best evidence of their own contents. Defendants deny knowledge or information sufficient to admit or deny the allegations in paragraphs 86 and 89 with respect to whether and when Plaintiff received certain communications from BOP.

92. Defendants deny knowledge or information sufficient to admit or deny the allegation in this paragraph with respect to when Plaintiff received BOP's final determination letter, which was dated September 24, 2018. The allegation is in any event not relevant to any claims or defenses in this action.

93. Defendants admit that BOP's final determination letter was dated September 24, 2018. The remaining allegations of paragraph 93 are denied.

94. Admitted.

95-98. These paragraphs attempt to characterize the contents of BOP's September 24, 2018, final determination letter to Plaintiff; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

99. This paragraph attempts to characterize the contents of the medical records of Inmate Salameh that were released to Plaintiff in response to her FOIA requests; Defendants deny such characterizations and refer to the documents themselves as the best evidence of their own contents.

100. This paragraph attempts to characterize the contents of BOP Program Statement PS 5562.05; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

101. This paragraph attempts to characterize the contents of BOP Program Statement PS 5566.06; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

102. This paragraph attempts to characterize the contents of BOP's September 24, 2018, final determination letter to Plaintiff; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

103. This paragraph contains Plaintiff's legal opinions and conclusions, to which no response is required. To the extent this paragraph can be read to contain factual allegations (including the implication that Defendants conducted an "inadequate search"), all such allegations are denied.

104-06. These paragraphs attempt to characterize the contents of BOP's September 24, 2018, final determination letter to Plaintiff; Defendants deny such characterizations and refer to the document itself as the best evidence of its own contents.

107. Denied.

108. Denied.

109. Defendants admit citing FOIA exemptions 5 U.S.C. § 552(b)(6) and 5 U.S.C. §552(b)(7)(C) in BOP's September 24, 2018, final determination letter to Plaintiff. The remaining allegations of this paragraph are denied.

110-112. These paragraphs contain Plaintiff's legal opinions and conclusions as to the meaning and requirements of the FOIA exemptions at 5 U.S.C. §552(b)(6) and (7)(C), to which no response is required. Defendants refer to the statutory provisions themselves as the best evidence of their contents.

113. Denied.

114. Defendants admit that Inmate Salameh authorized BOP to release to Plaintiff certain medical records and certain other documents pertaining to him.

115. Denied.

116. Denied.

117. Defendants admit citing FOIA exemption 5 U.S.C. §552(b)(7)(E) in BOP's September 24, 2018, final determination letter to Plaintiff. The remaining allegations of this paragraph are denied.

118. This paragraph contains Plaintiff's legal opinions and conclusions as to the meaning and requirements of the FOIA exemption at 5 U.S.C. §552(b)(7)(E), to which no response is required. Defendants refer to the statutory provisions itself as the best evidence of its contents.

119. Denied.

120. This paragraph attempts to characterize the contents of the medical records of Inmate Salameh that were released to Plaintiff in response to her FOIA requests; Defendants deny such characterizations and refer to the documents themselves as the best evidence of their own contents.

121. Denied.

122. Denied.

123. Defendants admit that BOP Program Statement 5562.05 is publicly available on BOP's website.

124. Denied.

125. Denied.

126. Defendants admit citing FOIA exemption 5 U.S.C. §552(b)(7)(F) in BOP's September 24, 2018, final determination letter to Plaintiff. The remaining allegations of this paragraph are denied.

127. This paragraph contains Plaintiff's legal opinions and conclusions as to the meaning and requirements of the FOIA exemption at 5 U.S.C. §552(b)(7)(F), to which no response is required. Defendants refer to the statutory provisions itself as the best evidence of its contents.

128. Denied.

129. Denied.

130. Denied.

ANSWER
*Stahl v. BOP*, No. 19-CV-4142 (BMC)
Page 11

131.   Defendants admit that Inmate Salameh authorized BOP to release to Plaintiff certain medical records and certain other documents pertaining to him.

132.   Denied.

133.   Denied.

134-157.   These paragraphs set forth allegations relating to Plaintiff's alleged request for a waiver of any fees required to search for and release documents responsive to her FOIA requests. As Defendants have not sought and are not seeking to collect a fee from Plaintiff in connection with processing and responding to her FOIA requests, these paragraphs are not relevant to any claims or defenses in this action, and no response to them is required.

158-163.   These paragraphs set forth allegations relating to Plaintiff's alleged request for expedited processing of her FOIA requests. As BOP did provide expedited processing of Plaintiff's FOIA requests, and as that processing has now been completed, there is no further relief the Court can provide in relation to this request; accordingly, these paragraphs are not relevant to any claims or defenses in this action, and no response to them is required.

164.   Defendants admit that on January 25, 2019, DOJ's Office of Information Policy received Plaintiff's administrative appeal concerning FOIA Request 2018-02917. Defendants deny knowledge or information sufficient to admit or deny the allegation in this paragraph as to when or how Plaintiff submitted the appeal, which allegations in any event are not relevant to any claims or defenses in this action.

165.   This paragraph describes who represented Plaintiff for purposes of her administrative appeal, to which no response is required.

166.   This paragraph purports to characterize unspecified BOP and DOJ regulations; Defendants deny such characterizations and refer to any such regulations themselves as the best evidence of their own contents.

167. Defendants admit that Plaintiff submitted an administrative appeal concerning FOIA Request 2018-02917 to DOJ's Office of Information Policy.

168. This paragraph purports to describe the contents of Plaintiff's administrative appeal; Defendants deny such descriptions and refer to the appeal itself as the best evidence of its own contents. To the extent this paragraph is meant to allege the arguments made in the appeal as facts, all such allegations are denied.

169-172. Defendants admit that on January 25, 2019, DOJ's Office of Information Policy received Plaintiff's administrative appeal concerning FOIA Request 2018-02917. Defendants deny knowledge or information sufficient to admit or deny the allegations in these paragraphs as to when or how Plaintiff submitted the appeal, which in any event are not relevant to any claims or defenses in this action. Defendants do not contest that Plaintiff's administrative appeal was timely filed or that Plaintiff properly exhausted administrative remedies prior to filing suit.

173. Admitted.

174-179. These paragraphs purport to characterize DOJ's May 20, 2019, letter to Plaintiff's counsel in response to Plaintiff's administrative appeal; Defendants deny such characterizations and refer to the May 20, 2019, letter as the best evidence of its own contents.

180. Denied.

181. Denied.

182. This paragraph purports to characterize DOJ's May 20, 2019, letter to Plaintiff's counsel in response to Plaintiff's administrative appeal; Defendants deny such characterizations and refer to the May 20, 2019, letter as the best evidence of its own contents.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188-94. These paragraphs set forth allegations relating to Plaintiff's alleged requests for expedited processing of her FOIA requests and for a waiver of any fees required for the search to locate the documents responsive to her FOIA requests. As Defendants have not sought and are not seeking to collect a fee from Plaintiff in connection with her FOIA requests, these paragraphs are not relevant to any claims or defenses in this action, and no response to them is required. Moreover, as BOP did provide expedited processing of Plaintiff's FOIA requests, and as that processing has now been completed, there is no further relief the Court can provide in relation to the request for expedited processing.

195. Defendants repeat and reiterate their answers to paragraphs 1-194 above.

196. Denied.

197. Denied.

198. Denied. As Defendants have not sought and are not seeking to collect a fee from Plaintiff in connection with her FOIA requests, this paragraph is not relevant to any claims or defenses in this action.

199. Denied. As Defendants have not sought and are not seeking to collect a fee from Plaintiff in connection with her FOIA requests, this paragraph is not relevant to any claims or defenses in this action.

200. Defendants repeat and reiterate their answers to paragraphs 1-199 above.

201. Denied.

202. Denied.

203. Denied.

204. Defendants repeat and reiterate their answers to paragraphs 1-203 above

205. Denied. As Defendants have not sought and are not seeking to collect a fee from Plaintiff in connection with her FOIA requests, this paragraph is not relevant to any claims or defenses in this action.

206. Defendants repeat and reiterate their answers to paragraphs 1-205 above.

207. Denied. As BOP did provide expedited processing of Plaintiff's FOIA requests, and as that processing has now been completed, there is no further relief the Court can provide in relation to the request for expedited processing.

208. Denied. As BOP did provide expedited processing of Plaintiff's FOIA requests, and as that processing has now been completed, there is no further relief the Court can provide in relation to the request for expedited processing.

209. Defendants deny any allegations in the Complaint to which a response is required, except insofar as Defendants have expressly admitted such allegation herein.

210. To the extent that an answer is required to Plaintiff's Prayer for Relief, Defendants deny it in its entirety.

## DEFENSES

1. Plaintiffs' Complaint fails to state claims upon which relief may be granted.

2. Defendants exercised due diligence and conducted reasonable and adequate searches for documents responsive to Plaintiffs' FOIA requests, fully complying with 5 U.S.C. § 552 and the applicable regulations in processing and responding to those requests.

3. The documents and materials that were requested and responsive, but not released, were properly withheld or redacted under the exemptions set forth in 5 U.S.C. § 552(b)(6)-(7).

WHEREFORE, Defendants respectfully request that plaintiff's prayers for relief be rejected, that this action be dismissed with prejudice, and that defendants be awarded their costs and such other and further relief as may be appropriate.

Dated: Brooklyn, New York
September 18, 2019

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By: /s/ {FILED ELECTRONICALLY}
F. FRANKLIN AMANAT
Senior Counsel
*Attorney for Defendants*
271A Cadman Plaza East, 7th Floor
Brooklyn, NY 11201-2776
(718) 254-7000
franklin.amanat@usdoj.gov