**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AVIVA STAHL**,<br><br>                    Plaintiff,<br><br>v.<br><br>**FEDERAL BUREAU OF PRISONS**, and **DEPARTMENT OF JUSTICE**,<br><br>                    Defendants. | No. 19-cv-4142 |

## STIPULATION AND PROPOSED ORDER

**WHEREAS:**

A. Plaintiff Aviva Stahl, a New York-based journalist, filed this FOIA action seeking to compel Defendants the United States Department of Justice ("DOJ") and the federal Bureau of Prisons ("BOP") (collectively "Defendants") to produce certain records and video recordings relating to Mohamed Salameh, an inmate in BOP custody. Compl. ¶ 1.

B. After the September 9, 2019, initial conference, the Court ordered the parties to submit a scheduling order by September 16 memorializing the proposal the parties jointly presented at the initial conference with respect to the plan for litigating this case.

C. The parties subsequently filed on September 16, 2019, a stipulation and proposed scheduling order, which the Court endorsed the same day. The stipulation and order required the Defendants to submit certain documents to Plaintiff and for the parties to then meet and confer in an attempt to narrow the issues that would require judicial determination. The stipulation and order also required the parties to submit to the Court a briefing schedule for summary judgment motions by October 25, 2019.

D. Pursuant to the September 16 stipulation and order, Defendants provided Plaintiff on October 7, 2019, with a draft declaration of a BOP employee with knowledge of the FOIA request that is the subject of this litigation, and of the search conducted in response to that FOIA request. Defendants also provided Plaintiff with a *Vaughn* index itemizing and explaining the redactions and withholdings made from BOP's FOIA responses.

E. On October 18, 2019, the parties met and conferred in an attempt to narrow the issues requiring judicial determination, discussing both the draft declaration and the *Vaughn* index. During the meet-and-confer, Plaintiff asked for clarification or additional information as to several aspects of the documents Defendants provided.

F. On October 23, 2019, Defendants provided Plaintiff with an amended *Vaughn* index and with the clarifications and additional information Plaintiff had requested.

G. Based on Defendants' submissions and the parties' communications, Plaintiff is now satisfied that all documents or videotapes in existence and responsive to the FOIA request have been disclosed or identified to Plaintiff. Although it is Plaintiff's position that Defendants failed to conduct an adequate search during the administrative process (a position with which Defendants respectfully disagree), Plaintiff is satisfied that Defendants' subsequent search during the course of the litigation has turned up any remaining responsive documents still in existence, and for purposes of this litigation Plaintiff no longer intends to argue that Defendants have any further obligation to search for responsive documents.

H. Defendants withheld five pages of medical records in their entirety pursuant to FOIA exemptions b(6) and b(7)(C). Defendants' submissions and the parties' communications have clarified to Plaintiff's satisfaction that these documents are non-responsive to the

FOIA request and were inadvertently included in the inmate's medical file. Plaintiff therefore no longer intends to seek these documents from the agency.

I. Defendants withheld 36 pages of medical records in part pursuant to FOIA exemptions b(6) and b(7)(C), stating that the redacted portions contained the names and personal information of BOP staff members, inmates, and other third parties, disclosure of which would be an unwarranted invasion of personal privacy. Through their submissions, Defendants have clarified to Plaintiff's satisfaction the types of individuals on whose behalf they are asserting privacy interests under the claimed exemptions. Plaintiff therefore no longer intends to seek these pages or portions thereof from the agency.

J. Defendants have also provided Plaintiff with assurances, satisfactory to Plaintiff, that BOP has not assessed and does not intend to assess any fees with respect to the search conducted in response to Plaintiff's FOIA request or to the release of documents following that search. Plaintiff therefore no longer intends to contest any issues relating to her request for a fee waiver or to any decision BOP made or failed to make on such a request, including any alleged failure by BOP to expedite the processing of Plaintiff's FOIA request or to complete that processing within any particular time frame.

K. The Parties agree that the issue to be briefed before the Court is the propriety of BOP's decision to withhold, based on FOIA exemptions b(6), b(7)(C), b(7)(E), and b(7)(F), thirteen calculated use of force videotapes relating to involuntary treatment administered to Mr. Salameh on November 4 and 11, 2015 (entries 3 and 4 on the *Vaughn* index).

L. Plaintiff also confirmed during the meet-and-confer that she will oppose the Defendants' motion for summary judgment and cross-move in her own right in the opposition brief

but does not plan to seek any form of discovery before the motion for summary judgment.

Now THEREFORE, the Parties to the above-captioned case, by and through their undersigned counsel of record, do hereby STIPULATE and AGREE, and this Honorable Court does hereby ORDER and DECREE as follows:

1. Defendants may proceed with their motion for summary judgment without the need for a pre-motion conference or a letter requesting the same. Plaintiff shall not demand or receive any discovery from Defendants in advance of the Defendant's summary judgment submission.

2. The issue to be briefed on summary judgment is the propriety of BOP's decision to withhold, based on FOIA exemptions b(6), b(7)(C), b(7)(E), and b(7)(F), thirteen calculated use of force videotapes relating to involuntary treatment administered to Mr. Salameh on November 4 and 11, 2015 (entries 3 and 4 on Defendant's *Vaughn* index). Plaintiff shall not seek, in this case, any documents or videotapes from BOP other than these thirteen videotapes already identified by Defendants.

3. As Plaintiff no longer (a) alleges the existence of further documents responsive to her FOIA requests, (b) seeks the documents, or portions thereof, from Mr. Salameh's medical records withheld pursuant to FOIA exemptions b(6) and b(7)(C), as documented on entries 1 and 2 of Defendants' *Vaughn* index, or (c) contests any issues relating to her request for a fee waiver, including any alleged failure by BOP to expedite the processing of Plaintiff's FOIA request or to complete that processing within any particular time frame, all such issues are deemed resolved and need not be addressed in summary judgment briefing.

4. When moving for summary judgment, Defendants shall file their notice of motion, memorandum of law, supporting affidavit(s), and *Vaughn* index on the public ECF docket. A

statement pursuant to Local Civil Rule 56.1 shall not be required in this FOIA action. Contemporaneously with their filing, Defendants shall also submit to the Court, *ex parte* and under seal, a disk containing the thirteen withheld videotapes, for the Court's *in camera* review. No separate motion shall be required to permit the *ex parte* sealed filing.

    5.  Defendants shall file their summary judgment papers by no later than December 20, 2019. Plaintiff shall file her cross-motion and memorandum in opposition by no later than February 10, 2020. Defendants shall file their reply memorandum by no later than February 24, 2020. Barring further order from this Court, the Parties shall adhere to the page limits set forth in this Court's Individual Practice Rules.

Dated:  New York, NY
       October 25, 2019

                                                        /s/
BETSY GINSBERG
CARDOZO CIVIL RIGHTS CLINIC
Benjamin N. Cardozo School of Law
Attorney for Plaintiff
55 5th Avenue, 11th Floor
New York, NY 10003
(212) 790-0871

KHARIS LUND
*Legal Intern*

CIERA FOREMAN
*Legal Intern*

Dated: Brooklyn, NY
       October 25, 2019

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

      /s/
F. FRANKLIN AMANAT
Senior Counsel
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201-2776
(718) 254-6024

It is SO ORDERED, at Brooklyn, New York, this ___th day of _____, 2019.

_____
HON. BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE