*Aviva Stahl v. Federal Bureau of Prisons, and Dept. of Justice*

Case No. 19-CV-4142 (BMC) (E.D.N.Y.)

Fenstermaker Declaration

Exhibit E

## VAUGHN INDEX
### Aviva Stahl v. Federal Bureau of Prisons, and Department of Justice
Civil Action No. 19-CV-4142-BMC (E.D.N.Y.)
FOIA Request No. 2018-02917

| Doc # | Total Pages | Redacted Pages | Document Description | Exemption | Justification |
|---|---|---|---|---|---|
| 1 | 1,055 | 4 | First Batch of Medical Records of Federal Inmate Mohammad A. Salameh, Reg. No. 34338-054 | (b)(6) (b)(7)(C) | (1) Withheld in part based on exemptions (b)(6) and (b)(7)(C), which were used to withhold the name of a BOP correctional staff member. Disclosure of this information would constitute an unwarranted invasion of personal privacy.<br><br>(2) Withheld in part based on exemptions (b)(6) and (b)(7)(C), which were used to withhold the name and signature of a BOP medical records staff member. Disclosure of this information would constitute an unwarranted invasion of personal privacy.<br><br>(3) Withheld in part based on exemptions (b)(6) and (b)(7)(C), which were used to withhold the name of a BOP correctional staff member. Disclosure of this information would constitute an unwarranted invasion of personal privacy.<br><br>(4) Withheld in part based on exemptions (b)(6) and (b)(7)(C), which were used to withhold the name of a BOP supervisory correctional staff member. Disclosure of this information would constitute an unwarranted invasion of personal privacy. |
| 2 | 1,567 | 31 redacted, 6 withheld in full | Second Batch of Medical Records of Federal Inmate Mohammad A. Salameh, Reg. No. 34338-054 | (b)(6) (b)(7)(C) | (5) Withheld in full based on exemptions (b)(6) and (b)(7)(C) and on lack of responsiveness. This document is a medical record pertaining to another inmate, which contains the inmate's name, register number, and medical information. It was inadvertently included within Inmate Salameh's Medical Record. The document was withheld in full based on exemptions (b)(6) and (b)(7)(C), as disclosure of this |

| Doc # | Total Pages | Redacted Pages | Document Description | Exemption | Justification |
|---|---|---|---|---|---|
| | | | | | information would constitute an unwarranted invasion of personal privacy. It is also irrelevant and nonresponsive to the request.<br><br>(6): Withheld in part based on exemptions based on exemptions (b)(6) and (b)(7)(C). This document contains a report concerning the medical condition of other inmates, and includes the inmates' names, register numbers, and medical information. Disclosure of this information would constitute an unwarranted invasion of personal privacy.<br><br>(7) – (8): Withheld in full based on exemptions (b)(6) and (b)(7)(C) and on lack of responsiveness. These documents are reports concerning the medical condition of other inmates, which contains the inmates' names, register numbers, and medical information. The documents were inadvertently included within Inmate Salameh's Medical Record. The documents were withheld in full based on exemptions (b)(6) and (b)(7)(C), as disclosure of this information would constitute an unwarranted invasion of personal privacy. It is also irrelevant and nonresponsive to the request.<br><br>(9) – (14) Withheld in part based on exemptions (b)(6) and (b)(7)(C), which were used to withhold the names and signatures of BOP correctional staff members and BOP supervisory correctional staff members. Disclosure of this information would constitute an unwarranted invasion of personal privacy.<br><br>(15) Withheld in full based on exemptions (b)(6) and (b)(7)(C) and on lack of responsiveness. This document is a medical record pertaining to another inmate, which contains the inmate's name, register number, and medical information. It was |

| Doc # | Total Pages | Redacted Pages | Document Description | Exemption | Justification |
|---|---|---|---|---|---|
| | | | | | inadvertently included within Inmate Salameh's Medical Record. The document was withheld in full based on exemptions (b)(6) and (b)(7)(C), as disclosure of this information would constitute an unwarranted invasion of personal privacy.  It is also irrelevant and nonresponsive to the request.<br><br>(16) Withheld in full based on exemptions (b)(6) and (b)(7)(C) and on lack of responsiveness.  This document is a medical record pertaining to another inmate, which contains the inmate's name, register number, and medical information. It was inadvertently included within Inmate Salameh's Medical Record. The document was withheld in full based on exemptions (b)(6) and (b)(7)(C), as disclosure of this information would constitute an unwarranted invasion of personal privacy.  It is also irrelevant and nonresponsive to the request.<br><br>(17) – (45) Withheld in part based on exemptions (b)(6) and (b)(7)(C), which were used to withhold the names and signatures of BOP correctional staff members and BOP supervisory correctional staff members. Disclosure of this information would constitute an unwarranted invasion of personal privacy.<br><br>(46) – (47) Withheld in part based on exemptions (b)(6) and (b)(7)(C), which were used to withhold the names, signatures, email addresses, and phone numbers of BOP health services support staff members and BOP medical records staff. Disclosure of this information would constitute an unwarranted invasion of personal privacy. |
| 3 | 0 | 0 | Six (6) videotapes re: 11-4-2015 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | These six (6) videotapes are recordings of the administration of involuntary hydration to inmate Mohammad A. Salameh,  Reg. No. 34338-054 on 11/4/2015.  The videotapes |

| Doc # | Total Pages | Redacted Pages | Document Description | Exemption | Justification |
|---|---|---|---|---|---|
| | | | involuntary hydration | | were withheld in full. Exemptions (b)(6) and (b)(7)(C) were used to withhold the image/depiction of BOP staff, including correctional officers, supervisory correctional staff, non-custody staff including a teacher, clerk, psychologist, and medical staff.   The images/depiction of the BOP staff are not segregable, and disclosure of this information would constitute an unwarranted invasion of personal privacy.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were used to withhold the BOP's techniques and procedures for gathering evidence used for investigative and potential law enforcement purposes, the disclosure of which could enable inmates to circumvent, countermeasure, and/or nullify the effectiveness of the BOP's investigative and intelligence processes. Disclosure of such videos would improperly reveal, among other things, the methods of preparation for, the location of, and the processes for initiating a calculated use of force within a secure BOP institution, as well as the equipment and techniques used to accomplish such a calculated use of force. Further, disclosure of this information could endanger the life or physical safety of BOP staff or other third parties involved, as inmates or their confederates may seek to retaliate against staff involved in calculated uses of force. |
| 4 | 0 | 0 | Seven (7) videotapes re: 11-11-2015 involuntary treatment | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | These seven (7) videotapes are recordings of the administration of involuntary nutrients to inmate Mohammad A. Salameh,  Reg. No. 34338-054, on 11/11/2015. The videotapes were withheld in full. Exemptions (b)(6) and (b)(7)(C) were used to withhold the image/depiction of BOP staff, including correctional officers, supervisory |

| Doc # | Total Pages | Redacted Pages | Document Description | Exemption | Justification |
|---|---|---|---|---|---|
| | | | | | correctional staff, and medical staff. The images/depiction of the BOP staff are not segregable, and disclosure of this information would constitute an unwarranted invasion of personal privacy.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were used to withhold the BOP's techniques and procedures for gathering evidence used for investigative and potential law enforcement purposes, the disclosure of which could enable inmates to circumvent, countermeasure, and/or nullify the effectiveness of the BOP's investigative and intelligence processes. Disclosure of such videos would improperly reveal, among other things, the methods of preparation for, the location of, and the processes for initiating a calculated use of force within a secure BOP institution, as well as the equipment and techniques used to accomplish such a calculated use of force. Further, disclosure of this information could endanger the life or physical safety of BOP staff or other third parties involved, as inmates or their confederates may seek to retaliate against staff involved in calculated uses of force. |