# CARDOZO LAW

BENJAMIN N. CARDOZO SCHOOL OF LAW • YESHIVA UNIVERSITY

## CIVIL RIGHTS CLINIC

**Betsy Ginsberg**
*Director*
*Clinical Professor of Law*

Tel (212) 790-0470
Fax  (212) 790-0256
betsy.ginsberg@yu.edu

March 12, 2020

**BY ECF**
The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Stahl v. Department of Justice et al.*, No. 1-19-cv-04142-BMC
               Letter of Supplemental Authority

Dear Judge Cogan:

    Plaintiff submits this letter to notify the Court of supplemental authority, *Evans v. Federal Bureau of Prisons*, --- F.3d ---- , 2020 WL 1144613 (D.C. Cir. March. 10, 2020) (Sentelle, J.), which was decided the day after Plaintiff filed her reply brief and which vacates a decision relied upon by Defendants in support of their argument that because Defendants do not have the technological capacity to edit video, FOIA does not require them to do so.

    The *Evans* court vacated the district court's ruling that video surveillance footage of a BOP assault was properly withheld under Exemptions 7(C) and 7(E) and that the BOP is technologically unable to segregate video footage. *Id.* at *3. The court found both that the defendant had not shown with enough specificity that there were no segregable portions of the video and also called into question the defendant's argument that they lacked the technology to edit and segregate videos. *Id.* at *7. As the court noted, "we live in an era in which teenagers regularly send each other screenshots from all sorts of video media. Presumably, most of these teenagers have fewer resources than the United States government." *Id.* With respect to the agency's claim that it could not blur videos to obviate privacy concerns, the court noted that "teenagers who regale each other with screenshots [of videos] are commonly known to revise those missives by such techniques as inserting cat faces over the visages of humans . . . [w]hile we do not necessarily advocate that specific technique, we do hold that the government is required to explain why the possibility of some similar method of segregability is unavailable . . . ." *Id.*

    The *Evans* decision also rebuts the Stahl Defendants' argument that the videos are exempt under Exemption 7(E) because the techniques and procedures are not already in the public domain. *Id.* ("Summary judgment [requires] the Bureau show . . . the placement and visibility of cameras is such that exposure of the video recording would in fact provide any *new information* not already

available through observation by prisoners physically present in the dining room.") (emphasis added). As in *Evans*, Plaintiff here argues no new information is depicted in the videos not already available through observation by prisoners at Florence ADX.

Plaintiff thanks the Court in advance for its consideration of this newly decided authority.

Respectfully Submitted,

/s/
Betsy Ginsberg
*Supervising Attorney*

Ciera Foreman
Kharis Lund
*Legal Interns*

cc: Farzin Franklin Amanat Senior Counsel, USAO, EDNY by ECF